# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| STATE OF UTAH,<br>STATE OF TEXAS,<br>STATE OF ALABAMA,<br>STATE OF ARKANSAS,<br>STATE OF IDAHO,<br>STATE OF INDIANA,<br>STATE OF IOWA<br>STATE OF KANSAS,<br>STATE OF LOUISIANA,<br>STATE OF MISSOURI,<br>STATE OF MONTANA,<br>STATE OF NEBRASKA,<br>STATE OF SOUTH CAROLINA,<br>STATE OF TENNESSEE,<br>STATE OF WEST VIRGINIA, and<br>NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES,<br><br>*Plaintiffs*,<br><br>v.<br><br>SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture; U.S. DEPARTMENT OF AGRICULTURE,<br><br>*Defendants*. | No. 6:25-cv-1 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND**

**AND CROSS-MOTION FOR A SCHEDULING ORDER**

1

Defendants ignore the harm imposed by the challenged action on the cost of affordable housing. Plaintiffs—fifteen states and the National Association of Home Builders—accordingly oppose Defendants' unreasonable request for an extension that would give them **five months** to merely formulate a position. Plaintiffs cross-move for a scheduling order.

## BACKGROUND

This is a challenge to HUD and USDA's decision to apply new energy efficiency standards promulgated by two private organizations to agency-financed housing. The agencies purport to do so pursuant to Section 109 of the Cranston-Gonzalez Act (codified as amended at 42 U.S.C. § 12709). *See* Final Determination: Adoption of Energy Efficiency Standards for New Construction of HUD- and USDA-Financed Housing, 89 Fed. Reg. 33,112 (Apr. 26, 2024) ("Final Determination"). Because of HUD and USDA's out-size role in low- and moderate-income home financing, the Final Determination amounts to a costly national building code, and it raises the cost of each new home by up to $31,000.[1]

As set forth in the complaint, it's dubious Congress can delegate to private organizations the power to set efficiency standards, but that's precisely what the Cranston-Gonzalez Act does. Regardless, the text of the statute doesn't provide such a delegation on an on-going basis. And setting aside those fundamental legal problems, HUD and USDA didn't comply with the statute: Despite the statute's absolute bar on adopting new standards that "negatively affect the availability or affordability" of covered housing, 42 U.S.C. § 12709(d)(1), the agencies concede the Final Determination will "reduce the production of homes for FHA-insured borrowers by 1.5 percent, which represents a 0.2

---

[1] In 2020, just one of the programs covered by Section 109—FHA-insured loans—financed 18.3% of newly-built homes nationwide, and 24.5% of newly-built homes in the fast-growing South. 88 Fed. Reg. 31,773, 31,800-01 (May 18, 2023). Put simply, homebuilders are effectively forced to build low- and moderate-income homes to HUD and USDA standards because the homebuilders don't know what financing that purchaser will use.

1

percent reduction of all homes available to FHA-insured homebuyers," 89 Fed. Reg. at 33,177. Those conceded negative impacts are significant understatements. They were obtained only by HUD and USDA assuming homebuilders make zero profit, an absurdity that's apparent to anyone who ever built or renovated a home.

Plaintiff States and NAHB filed this suit on January 2, 2025, seeking to set aside the Final Determination. The complaint was served via certified mail the following day. Now, having had two months to evaluate that complaint (including more than six weeks since inauguration), Defendants move for an additional three months merely to answer or move to dismiss. Plaintiffs oppose and cross-move for a briefing schedule.

## ARGUMENT

There is a significant shortage of affordable housing in the United States. Defendants admitted as much in the Final Determination. 89 Fed. Reg. at 33,120. And there can be little doubt the Final Determination will worsen that shortage and harm homebuilders. Defendants admitted that, too. 89 Fed. Reg. at 33,177, 33,134 n.53. Indeed, the shortage is so severe (and the price of housing correspondingly so high) that President Trump issued a memorandum calling for emergency price relief. 90 Fed. Reg. 8,245 (Jan. 28, 2025). The President specifically found "many Americans are unable to purchase homes due to historically high prices, in part due to regulatory requirements that alone account for 25 percent of the cost of constructing a new home…." *Id.* He accordingly "order[ed] the heads of all executive departments and agencies to deliver emergency price relief, consistent with applicable law," including by "pursuing appropriate actions to: lower the cost of housing and expand housing supply…." *Id.*

Defendants point to a yet-unpublished six-month delay in implementation of the Final Determination, then ask the Court to give them three more months merely to respond to the complaint. Plaintiffs are grateful for any relief that delay provides. Bur rather than waste that breathing room with

idleness, Plaintiffs respectfully submit that this litigation should progress, such that final relief is at hand when the promised delay expires. There's no reason to think that isn't achievable. Six months is adequate to facilitate full resolution. Plaintiffs emphasize that resolution of this matter on the merits may make the delay permanent, thereby avoiding whipsawing of the housing industry. The positive upshot? The likelihood of precluding similar unlawful regulatory actions in the future.

In terms of the Federal Rules, **five months** between the filing of a complaint and a defendant's initial response is patently inconsistent with "the just, speedy, and inexpensive determination" of Plaintiffs' claims. Fed. R. Civ. P. 1. During the meet-and-confer process, Plaintiffs offered to forego a response to the complaint, and have their opening brief due in April, but that reasonable offer was rebuffed. Plaintiffs accordingly oppose Defendants' motion for a 90-day extension, but Plaintiffs are amenable to a 30-day extension. Plaintiffs ask that the Court enter a scheduling order as follows:

| | |
|---|---|
| April 7: | Defendants to answer or move to dismiss, and file the administrative record |
| | (*) Any motion to dismiss would proceed in accordance with LR CV-7. |
| April 28: | Plaintiffs to file their opening summary judgment brief. |
| May 26: | Defendants to file their opposition and cross-motion for summary judgment |
| June 9: | Plaintiffs to file their reply in support of summary judgment |
| TBD: | Oral argument, at the Court's convenience |

## CONCLUSION

Justice delayed is justice denied. Plaintiffs respectfully ask the Court to DENY Defendants' Motion and GRANT Plaintiffs' Cross-Motion for a scheduling order.

Dated: March 6, 2025

Respectfully submitted:

| | |
|---|---|
| **DEREK BROWN**<br>  ATTORNEY GENERAL OF UTAH | **KEN PAXTON**<br>  ATTORNEY GENERAL OF TEXAS |
| /s/ Stanford E. Purser<br>STANFORD E. PURSER (USB 13440)<br>  *Solicitor General*<br>OFFICE OF THE UTAH<br>  ATTORNEY GENERAL<br>160 E. 300 S., 5th floor<br>Salt Lake City, Utah 84111<br>Tel. (801) 366-0100<br>spurser@agutah.gov<br><br>*Counsel for State of Utah* | BRENT WEBSTER<br>*First Assistant Attorney General*<br><br>/s/ Ryan G. Kercher<br>RYAN G. KERCHER (TSB 24060998)<br>*Deputy Division Chief*<br>  *Special Litigation Division*<br>ZACHARY BERG (TSB 24107706)<br>*Special Counsel*<br>OFFICE OF THE ATTORNEY GENERAL<br>  OF TEXAS<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, TX 78711-2548<br>Tel. (512) 463-2100<br>Ryan.Kercher@oag.texas.gov<br>Zachary.Berg@oag.texas.gov<br><br>*Counsel for State of Texas* |
| /s/ Joseph S. St. John<br>JOSEPH S. ST. JOHN (LSB 36682)<br>ST. JOHN LLC<br>1701 Jefferson Avenue<br>New Orleans, LA 70115<br>Tel. (410) 212-3475<br>scott@stjohnlaw.com<br><br>*Counsel for National Association of Home Builders of the United States* | |

**STEVE MARSHALL**
  ATTORNEY GENERAL OF ALABAMA

*Edmund G. LaCour Jr.*
Edmund G. LaCour Jr. (ASB-9182-U81L)*
  *Solicitor General*
STATE OF ALABAMA
OFFICE OF THE ATTORNEY GEN.
501 Washington Ave.
Montgomery, AL 36130
Tel. (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

4

| | |
|---|---|
| **TIM GRIFFIN**<br>  ATTORNEY GENERAL OF ARKANSAS<br><br>*Dylan L. Jacobs*<br>DYLAN L. JACOBS<br>  *Deputy Solicitor General*<br>OFFICE OF ATTORNEY GENERAL TIM GRIFFIN<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>Tel. (501) 682-2007<br>Dylan.jacobs@agarkansas.gov<br><br>*Counsel for State of Arkansas* | **RAUL R. LABRADOR**<br>  ATTORNEY GENERAL OF IDAHO<br><br>*/s/ Sean "Jack" Corkery*<br>SEAN "JACK" CORKERY<br>  *Assistant Solicitor General*<br>OFFICE OF THE IDAHO ATTORNEY GENERAL<br>700 W Jefferson St #210<br>Boise, ID 83720<br>Tel. (208) 332-3548<br>jack.corkery@ag.idaho.gov<br><br>*Counsel for State of Idaho* |
| **THEODORE E. ROKITA**<br>  ATTORNEY GENERAL OF INDIANA<br><br>*/s/ James A. Barta*<br>JAMES A. BARTA*<br>  *Solicitor General*<br>INDIANA ATTORNEY GENERAL'S OFFICE<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>Tel. (317) 232-0709<br>james.barta@atg.in.gov<br><br>*Counsel for State of Indiana* | **BRENNA BIRD**<br>  ATTORNEY GENERAL OF IOWA<br><br>*/s/ Eric H. Wessan*<br>ERIC H. WESSAN<br>  *Solicitor General*<br>1305 E. Walnut Street<br>Des Moines, Iowa 50319<br>Tel. (515) 823-9117<br>eric.wessan@ag.iowa.gov<br><br>*Counsel for State of Iowa* |
| **KRIS W. KOBACH**<br>  ATTORNEY GENERAL OF KANSAS<br><br>*/s/ James Rodriguez*<br>JAMES RODRIGUEZ<br>  *Solicitor General*<br>Memorial Building, 2nd Floor<br>120 SW 10th Avenue<br>Topeka, Kansas 66612-1597<br>Tel. (785) 296-7109<br>jay.rodriguez@ag.ks.gov<br><br>*Counsel for State of Kansas* | **LIZ MURRILL**<br>  ATTORNEY GENERAL OF LOUISIANA<br><br>*/s/ Kelsey L. Smith*<br>KELSEY L. SMITH (TSB 24117070)<br>  *Deputy Solicitor General*<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, LA 70804<br>Tel. (225) 428-7432<br>SmithKel@ag.louisiana.gov<br><br>*Counsel for State of Louisiana* |

5

<div style="columns:2">

**ANDREW BAILEY**
  **ATTORNEY GENERAL OF MISSOURI**

*/s/ Dominic X. Barceleau*
DOMINIC X. BARCELEAU*
  *Assistant Attorney General*
OFFICE OF THE MISSOURI
  ATTORNEY GENERAL
815 Olive Street, Suite 200
St. Louis, MO 63101
Tel: (314) 340-7366
dominic.barceleau@ago.mo.gov

*Counsel for State of Missouri*


**MICHAEL T. HILGERS**
  **ATTORNEY GENERAL OF NEBRASKA**

*/s/ Grant D. Strobl*
GRANT D. STROBL*
  *Assistant Solicitor General*
OFFICE OF THE NEBRASKA ATTORNEY GEN.
2115 State Capitol
Lincoln, NE 68509
Tel. (402) 471-2683
grant.strobl@nebraska.gov

*Counsel for State of Nebraska*


**JONATHAN SKRMETTI**
  **ATTORNEY GENERAL AND REPORTER**
  **OF TENNESSEE**

*/s/ Whitney D. Hermandorfer*
WHITNEY D. HERMANDORFER (TNSB 041054)
  *Director of Strategic Litigation*
STATE OF TENNESSEE
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, Tennessee 37202
Tel. (615) 741-7403
Whitney.Hermandorfer@ag.tn.gov

*Counsel for State of Tennessee*


**AUSTIN KNUDSEN**
  **ATTORNEY GENERAL OF MONTANA**

*/s/ Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.*
  *Deputy Solicitor General*
MONTANA DEPT. OF JUSTICE
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
(406) 444-2026
peter.torstensen@mt.gov

*Counsel for State of Montana*


**ALAN WILSON**
  **ATTORNEY GENERAL OF SOUTH CAROLINA**

*/s/ Thomas Hydrick*
THOMAS HYDRICK*
  *Assistant Deputy Solicitor General*
OFFICE OF THE SOUTH CAROLINA
  ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for State of South Carolina*


**JOHN B. MCCUSKEY**
  **ATTORNEY GENERAL OF WEST VIRGINIA**

*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS (WVB 14148)*
  *Solicitor General*
State Capitol Complex,
Bldg. 1, Rm E-26
1900 Kanawha Blvd. E
Charleston, WV 25305
Tel. 304-558-2021
michael.r.williams@wvago.gov

*Counsel for State of West Virginia*

</div>

\* *pro hac vice*