UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF UTAH, STATE OF TEXAS, STATE OF ALABAMA, STATE OF ARKANSAS, STATE OF IDAHO, STATE OF INDIANA, STATE OF IOWA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF SOUTH CAROLINA, STATE OF TENNESSEE, STATE OF WEST VIRGINIA, and NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *Plaintiffs*, v. SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture; U.S. DEPARTMENT OF AGRICULTURE, *Defendants*. | No. 6:25-cv-1 |

**UTAH, TEXAS, AND NAHB'S**

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE**

1

Benjamin Franklin famously wrote that "in this world, nothing is certain except death and taxes." In litigation against DOJ, however, there are a few more certainties. DOJ will insist no plaintiff has standing until the claims are moot. DOJ will seek more time. And DOJ will demand the last word. So it is here.

Nearly four months ago, Plaintiffs proposed a reasonable briefing schedule, but that proposal was rebuffed. *See* ECF 28 at 3 (recounting meet-and-confer). Defendants instead sought to wait six months to merely answer the complaint. ECF 25. So Plaintiffs proposed to the Court the schedule they had offered to Defendants, which the Court generally adopted. ECF 30. The parties proceeded without objection, and briefing has been complete for over two weeks. Defendants now seek to modify the briefing schedule and file yet another brief, with the upshot of arrogating to themselves more time than the 7 days the local rules provide for a reply or surreply. L.Civ.R. 7(f). Defendants don't even attempt to demonstrate good cause to modify the Court's scheduling order or deviate from the local rules. *But see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Turning to what Defendants proffer: On the one hand, much of Defendants' proposed filing rehashes cases cited in Plaintiffs' opening summary judgment brief, including *Louisiana v. U.S.D.O.E.*, 90 F. 4th 461 (5th Cir. 2024), *Texas v. Yellen*, 105 F.4th 755 (5th Cir. 2024), and *Webster v. Doe*, 486 U.S. 592 (1988). That's a surreply, not a reply, and surreplies are "heavily disfavored." *Ga. Firefighters Pension Fund v. Andarko Petrol. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). On the other hand, Defendants seek to introduce new arguments and new extra-record evidence to support their defense. That would mandate yet *more* briefing to avoid reversible error. *Id.* The Court should decline Defendant's invitation to enter that morass. Defendants' untimely motion for leave to file yet another brief should be denied,

1


and the Court should strike their proposed brief from the record.[1]

Dated: June 27, 2025

Respectfully submitted:

| | |
|---|---|
| **DEREK BROWN**<br>  **ATTORNEY GENERAL OF UTAH** | **KEN PAXTON**<br>  **ATTORNEY GENERAL OF TEXAS** |
| <u>/s/ Stanford E. Purser</u><br>STANFORD E. PURSER (USB 13440)<br>  *Solicitor General*<br>OFFICE OF THE UTAH<br>  ATTORNEY GENERAL<br>160 E. 300 S., 5th floor<br>Salt Lake City, Utah 84111<br>Tel. (801) 366-0100<br>spurser@agutah.gov<br><br>*Counsel for State of Utah*<br><br><u>/s/ Joseph S. St. John</u><br>JOSEPH S. ST. JOHN (LSB 36682)<br>ST. JOHN LLC<br>1701 Jefferson Avenue<br>New Orleans, LA 70115<br>Tel. (410) 212-3475<br>scott@stjohnlaw.com<br><br>*Counsel for National Association of Home Builders of the United States* | BRENT WEBSTER<br>*First Assistant Attorney General*<br><br><u>/s/ Ryan G. Kercher</u><br>RYAN G. KERCHER (TSB 24060998)<br>  *Chief, Special Litigation Division*<br>ZACHARY BERG (TSB 24107706)<br>  *Special Counsel*<br>OFFICE OF THE ATTORNEY GENERAL<br>  OF TEXAS<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, TX 78711-2548<br>Tel. (512) 463-2100<br>Ryan.Kercher@oag.texas.gov<br>Zachary.Berg@oag.texas.gov<br><br>*Counsel for State of Texas* |

---

[1] In the interest of transparency: Plaintiffs responded to a previously undisclosed statute of limitations argument by attaching a contingent Rule 56(d) declaration to their opposition / reply. That's, of course, a declaration about the availability of evidence, not new evidence.